[Cite as *Geis v. Markling*, 2023-Ohio-4506.]

STATE OF OHIO          )          IN THE COURT OF APPEALS
)ss:        NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

| | |
|---|---|
| VICKI J. GEIS | C.A. No. 30494 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MATTHEW J. MARKLING, et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. 2022 CV 00015 |

DECISION AND JOURNAL ENTRY

Dated: December 13, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant, Matthew Markling, appeals from the judgment of the Summit County Court of Common Pleas, Probate Division. This Court affirms.

I.

**Relevant Background**

{¶2} This appeal arises from a complaint for breach of trust, fraud, conversion, and removal filed by Plaintiff-Appellee, Vicki Geis, against her cousin Matthew Markling ("Mr. Markling") in his individual capacity, as Trustee of the John V. Markling, Jr. Trust dated November 21, 2012, as amended, and as Executor of the John V. Markling, Jr. Estate. Ms. Geis also named as defendants John V. Markling, Jr.'s grandchildren, D.M., N.M., I.M. B.D., and B.M., beneficiaries of the John V. Markling, Jr. Trust.[1] Ms. Geis then filed a subsequent motion to remove Mr.

---

[1] John V. Markling, Jr., the decedent, is Mr. Markling's father and Ms. Geis' uncle. Further, D.M., N.M., and I.M., are Mr. Markling's children, and B.D. and B.M. are Mr. Markling's niece and nephew.

Markling as Trustee, along with a supplemental motion and affidavits. Mr. Markling, through counsel, filed a memorandum opposing the motion to remove and a motion to dismiss the complaint in all three of Mr. Markling's capacities. After filing the motion to dismiss, responding to Ms. Geis' motion to remove Mr. Markling as Trustee, and responding to Ms. Geis' first set of discovery requests, Mr. Markling's counsel, Carlile Patchen and Murphy, LLP ("CPM"), who represented Mr. Markling in his capacities as Executor and Trustee, filed an expedited motion to withdraw as counsel. Mr. Markling responded in opposition and CPM replied. Mr. Markling filed a surreply without seeking leave of court. The trial court granted CPM's expedited motion to withdraw. That same day, Mr. Markling's new counsel, representing him in his capacities as Executor and Trustee, filed a notice of appearance.

{¶3} Ms. Geis, with leave of court, filed her first amended complaint and another motion to remove Mr. Markling as Trustee. Mr. Markling, through new counsel, filed a motion to dismiss the first amended complaint on behalf of Mr. Markling in all three capacities and on behalf of D.M., N.M., and I.M. Mr. Markling also filed a Counterclaim. The record reflects Mr. Markling, with counsel representing him in his individual capacity, filed several motions against Ms. Geis, many of which his new counsel withdrew.

{¶4} The trial court set this matter for mediation and denied Mr. Markling's motion to dismiss. Further, the trial court indicated if the mediation was not successful, it would then rule on other outstanding motions. On August 9, 2022, the parties, with counsel present, reached an agreement in mediation as to all issues and signed a Memorandum of Understanding ("MOU"). The mediator filed a report of mediation indicating the matter was "[s]ettled pursuant to agreement between the parties." On September 27, 2022, Ms. Geis filed a motion to adopt the MOU as an

order of the trial court. Mr. Markling did not oppose this motion. In adopting the MOU, the trial court stated, in relevant part:

> The [c]ourt reviewed the signed [MOU] that resulted from [m]ediation. The [c]ourt approves the [MOU] and incorporates the same in this Judgment Entry as an [o]rder of the [c]ourt. The [c]ourt hereby dismisses the [c]omplaint and [c]ounterclaim *with prejudice*. The [c]ourt retains jurisdiction to enforce the [MOU].

(Emphasis in original.) Subsequent to the trial court's adoption of the MOU, Mr. Markling,[2] representing himself in all three capacities as well as D.M., N.M., and I.M., filed a notice of satisfaction stating:

> While [p]laintiff/[c]ounterclaim [d]efendant [Ms. Geis] has failed to comply with the terms of the August 9, 2022 [MOU], [d]efendants/[c]ounterclaimants John V. Markling Jr. Estate; the John V. Markling Jr. Trust dated November 21, 2012, as amended; Matthew John Markling, individually and in his capacity as Executor of the John V. Markling, Jr. Estate and as Trustee of the John V. Markling, Jr. Trust dated November 21, 2012, as amended; [D.M.]; [N.M.]; and [I.M.] (collectively, "[d]efendants/[c]ounterclaimants") give notice that [they] have complied with the legally enforceable terms of the August 9, 2022 [MOU][.]

{¶5}     Mr. Markling now appeals from the trial court's orders denying the motion to dismiss, allowing CPM to withdraw as counsel, and adopting the MOU as an order of the court, and raises three assignments of error for our review. To aid our analysis, we discuss Mr. Markling's assignments of error out of order.

II.

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED IN APPROVING THE CONFIDENTIAL MEMORANDUM OF UNDERSTANDING.**

---

[2] Mr. Markling is a licensed attorney in the State of Ohio.

{¶6}     In his second assignment of error, Mr. Markling argues the trial court erred in adopting the MOU as an order of the court.  Specifically, Mr. Markling argues there is no evidence in the record that a contract exists or that a breach of contract occurred between the parties.

{¶7}     "Where possible, it is generally within the discretion of the trial judge to promote and encourage settlements to prevent litigation." *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376 (1997), citing *In re NLO, Inc.*, 5 F.3d 154 (6th Cir.1993). "The result of a valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof." *Rulli* at 376 citing  *Noroski v. Fallet*, 2 Ohio St.3d 77, 79 (1982).  "To constitute a valid settlement agreement, the terms of the agreement must be reasonably certain and clear." *Rulli* at 376.  *See also Murral, Inc. v. Shevetz Ents., L.L.C.*, 7th Dist. Mahoning No. 15 MA 0189, 2016-Ohio-7040, ¶ 31, citing *Futey v. Director*, 5th Dist. Richland No. 04 CA 14, 2004–Ohio–5400, ¶ 23. ("Ohio case law indicates, as a general proposition, a memorandum of understanding is viewed as a contract.").  Further, "[w]here the meaning of terms of a settlement agreement is disputed, or where there is a dispute that contests the existence of a settlement agreement, a trial court must conduct an evidentiary hearing prior to entering judgment." *Rulli* at syllabus.

{¶8}     Here, as a result of mediation, Ms. Geis and Mr. Markling entered into the following MOU:

> In resolution of any [and] all claims in Case No. 2022 CV 00015 and in resolution of any and all additional claims arising from the death of John V. Markling, including but not limited to claims under the Trust Agreement, Matthew J. Markling, individually and as Trustee and Executor, and Vicki J. Geis agree as follows:
>
> The Trust will pay to [Ms.] Geis the sum of $100,000 in consideration for release of her claims as a beneficiary and any additional claims against [Mr.] Markling individually;

[Ms.] Geis will take from the Comet Road house all of her own personal property. The parties will exercise good faith in determining the identification of [Ms. Geis'] property;

The settlement payment shall be held in escrow by [Mr.] Markling's counsel and released to [Ms.] Geis upon confirmation that [Ms.] Geis has removed her own personal property and not removed any other property;

The parties will agree to mutual releases, confidentiality clauses and non-disparagement clauses; and

The Trust will pay any Mediator fees not otherwise paid by the [c]ourt.

The MOU is signed by Ms. Geis and Mr. Markling in his individual capacity and as Executor and Trustee. Additionally, underneath the signatures of the parties, the MOU states:

Subsequent to [Mr.] Markling's signature above, counsel agreed that [Ms. Geis'] personal property includes her personal effects and all items identified as her property in the One Drive link. [Ms. Geis] may retain the washer and oven if she demonstrates that she paid for the same. Counsel further agreed that the settlement payment shall be held in Calfee's escrow account.

The MOU is also signed by both parties' counsel.

{¶9} The record reveals that, forty-nine days after the parties' mediation, Ms. Geis filed a motion to adopt the MOU with the trial court. Mr. Markling did not oppose the motion or raise any issues with the trial court regarding the validity or contents of the MOU. Fifteen days after Ms. Geis' motion was filed, the trial court issued a judgment entry approving the MOU, dismissing the complaint and counterclaim with prejudice and retaining jurisdiction to enforce the MOU. Further, relevant to this discussion, twenty-three days after the trial court issued its judgment entry, Mr. Markling filed a notice of satisfaction wherein he claimed he, along with D.M., N.M., and I.M., complied with the "legally enforceable terms" of the MOU, but Ms. Geis failed to comply with the terms of the MOU. Indeed, prior to the trial court's adoption of the MOU, Mr. Markling did not challenge whether an MOU existed between himself and Ms. Geis.

**{¶10}** Based upon this record, we cannot say the trial court erred in adopting the MOU as an order of the court.

**{¶11}** Accordingly, Mr. Markling's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED IN DENYING THE MOTION TO DISMISS THE AMENDED COMPLAINT.**

**{¶12}** In his first assignment of error, Mr. Markling argues the trial court erred in denying his motion to dismiss the amended complaint. Based on our resolution of Mr. Markling's second assignment of error, his first assignment of error is moot, and we decline to address it. App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED IN GRANTING THE EXPEDITED MOTION TO WITHDRAW AS COUNSEL.**

**{¶13}** In his third assignment of error, Mr. Markling argues the trial court erred in granting CPM's expedited motion to withdraw as counsel. Specifically, Mr. Markling argues the trial court's "attitude" in granting the expedited motion to withdraw is "unreasonable, arbitrary, and unconscionable," and therefore, an abuse of discretion. For the following reasons, we disagree.

**{¶14}** Pursuant to Prof.Cond.R. 1.16:

> (b) a lawyer may withdraw from the representation of a client if any of the following applies: (1) *withdrawal can be accomplished without material adverse effect on the interests of the client*; (2) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is illegal or fraudulent; (3) the client has used the lawyer's services to perpetrate a crime or fraud; (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement; (5) the client fails substantially to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; (7) the client gives informed consent to termination of the representation; (8) the

lawyer sells the law practice in accordance with Rule 1.17; (9) other good cause for withdrawal exists.

(c) If permission for withdrawal from employment is required by the rules of a tribunal, a lawyer shall not withdraw from employment in a proceeding before that tribunal without its permission.

(d) As part of the termination of representation, a lawyer shall take steps, to the extent reasonably practicable, to protect a client's interest. The steps include giving due notice to the client, allowing reasonable time for employment of other counsel, delivering to the client all papers and property to which the client is entitled, and complying with applicable laws and rules. Client papers and property shall be promptly delivered to the client. "Client papers and property" may include correspondence, pleadings, deposition transcripts, exhibits, physical evidence, expert reports, and other items reasonably necessary to the client's representation.

(Emphasis added and omitted.)

{¶15}   Here, because Mr. Markling would not agree to terminate the attorney-client relationship, CPM filed an expedited motion to withdraw with the trial court.  In its expedited motion, CPM stated, in relevant part:

This case is in its infancy.  The [c]ourt has not yet issued a case management schedule, and Mr. Markling's new counsel in his individual capacity has already made a litany of filings, some of which touch on Trust and Executor issues.  This [c]ourt has not yet granted [Ms. Geis'] [m]otion for [l]eave to [f]ile an [a]mended [c]omplaint.  The *only* responsive filing on the calendar is Mr. Markling's opposition to [Ms. Geis'] [m]otion for [l]eave, which he will file through his individual counsel.  The [m]otion for [l]eave will not be unopposed.  Further, the filing of the [m]otion for [l]eave effectively mooted Mr. Markling's [m]otion to [d]ismiss.  Because of the [m]otion for [l]eave, there is no responsive deadline looming to reply in support of the [m]otion to [d]ismiss.  [CPM's] withdrawal can be accomplished without material adverse effect on Mr. Markling.

Without disclosing confidential attorney-client communications, [CPM] and Mr. Markling have a fundamental disagreement as to the course of the litigation. Additionally, other issues have arisen necessitating [CPM's] withdrawal.  Mr. Markling has made certain statements and allegations regarding [CPM's] representation, providing an extensive list of alleged examples, that has created an adversarial relationship between [CPM] and Mr. Markling.  In the same way an attorney cannot represent parties adverse to each other in the same transaction, [CPM] cannot represent Mr. Markling while adverse to him in defending itself against his allegations.  Such allegations, even though meritless, cannot be reconciled with ongoing representation.  It is unreasonable to require any attorney

to continue to represent a client when an adversarial relationship has arisen between client and counsel. Indeed, such is impossible to do so. The relationship between [CPM] and Mr. Markling has reached the point where [CPM] cannot continue to represent Mr. Markling in any capacity in accordance with the Ohio Rules of Professional Conduct.

Notably, as indicated above, Mr. Markling's new counsel, representing him in his capacities as Executor and Trustee, filed a notice of appearance the same day the trial court granted CPM's expedited motion to withdraw.

{¶16}  Based upon this record, which supports CPM's position that its withdrawal was accomplished without material adverse effect on the interests of Mr. Markling, we cannot say the trial court abused its discretion in allowing CPM to withdraw as counsel in this matter.

{¶17}  Accordingly, Mr. Markling's third assignment of error is overruled.

### III.

{¶18}  Mr. Markling's second and third assignments of error are overruled, and his first assignment of error is moot. Further, Ms. Geis' motion for sanctions and attorney fees is denied. The judgment of the Summit County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MATTHEW J. MARKLING, Attorney at Law, pro se, Appellants.

MATTHEW S. BROWN and BRYAN M. PRITIKIN, Attorneys at Law, for Appellee.

LEE M. GROSSCUP, Attorney at Law, for Appellee.